

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2010

# John Van Salisbury v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"John Van Salisbury v. USA" (2010). *2010 Decisions.* Paper 1773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-1586

———

JOHN VAN SALISBURY,
PERSONALLY AND TRADING AS
F/V MAJOR EXPENSE

v.

UNITED STATES OF AMERICA;
SECRETARY, UNITED STATES
DEPARTMENT OF COMMERCE / NATIONAL
OCEANIC AND ATMOSPHERIC ADMINISTRATION (NOAA)

JOHN VAN SALISBURY,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-04881)
District Judge: Honorable Eduardo C. Robreno

———

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2010

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges

(Filed: March 8, 2010)

———

*Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for
the Ninth Circuit, sitting by designation.

____

OPINION

____

SLOVITER, *Circuit Judge*.

John Van Salisbury appeals a $152,500 penalty assessed by the United States

Department of Commerce, National Oceanic and Atmospheric Administration

("NOAA"), for civil violations of the Magnuson-Stevens Fishery Conservation and

Management Act ("Magnuson-Stevens Act"), 16 U.S.C. §§ 1801-1882. The District

Court affirmed the assessment on cross motions for summary judgment. Van Salisbury

claims the assessment was excessive and disproportionate to the wrongdoing, in violation

of the Eighth Amendment Excessive Fines Clause. We will affirm.[1]

**I.**

Because we write primarily for the parties, our recitation of the facts is brief. Van

Salisbury, a licensed New Jersey lobsterman, owns and operates the commercial fishing

vessel Major Expense. In August 2004, after numerous complaints that Van Salisbury

tampered with, damaged, and stole lobsters and fishing gear owned by other lobstermen,

NOAA special agents opened an investigation and planned a sting operation; they placed

40 uniquely marked lobsters in traps adjacent to Van Salisbury's. A search of the Major

Expense revealed five uniquely marked lobsters in Van Salisbury's catch.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

NOAA brought an administrative action against Van Salisbury under the Magnuson-Stevens Act for penalties and sanctions. Following a two-day hearing, a NOAA administrative law judge determined that Van Salisbury violated 16 U.S.C. §§ 1857(1)(K)(i) (prohibiting removal of and damage to protected fishing gear) and 1857(1)(K)(ii) (prohibiting theft of fish from protected fishing gear). The administrative law judge assessed a civil penalty of $152,500. Van Salisbury brought an action in the District Court under 16 U.S.C. § 1858(b) for judicial review; the District Court affirmed the assessment on cross motions for summary judgment.

The sole issue on appeal is whether the assessment was excessive in violation of the Eighth Amendment to the United States Constitution.[2]

## II.

"Our review of a district court's grant of summary judgment in favor of an administrative agency is *de novo*." *Allegheny Def. Project, Inc. v. United States Forest Serv.*, 423 F.3d 215, 229 (3d Cir. 2005). An agency's determination will not be reversed

---

[2] Van Salisbury frames his argument as one of due process, but relies on Eighth Amendment jurisprudence, which is applicable.

Van Salisbury also makes a conclusory allegation that the District Court denied due process by granting summary judgment without a hearing. This allegation is unaccompanied by argument and is otherwise without merit. *See, e.g.*, *AD/SAT v. Associated Press*, 181 F.3d 216, 226 (2d Cir. 1999) ("a district court's decision whether to permit oral argument [on motions for summary judgment] rests within its discretion").

unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

The Eighth Amendment to the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  A monetary assessment imposed as punishment is a "fine" within the meaning of the Excessive Fines Clause.  *See, e.g.,* *United States v. Bajakajian*, 524 U.S. 321, 327-34 (1998) (punitive forfeiture subject to Excessive Fines Clause scrutiny).  Fines, like punitive forfeitures, are unconstitutionally excessive if "grossly disproportional to the gravity of a defendant's offense."  *Id.* at 334.  An evaluation of proportionality must take into account legislative "judgments about the appropriate punishment for an offense . . . ."  *Id.* at 336.

Van Salisbury violated the Magnuson-Stevens Act twice; each violation was punishable in August 2004, when the violations occurred, by a civil penalty of $120,000.  16 U.S.C. § 1858(a); Civil Monetary Penalties; Adjustment for Inflation, 65 Fed. Reg. 65260 (2000) (codified at 15 C.F.R. § 6.4).  The administrative law judge assessed a penalty of $152,500 for both violations, a substantial amount but well below the statutory maximum.  Applying *Bajakajian*, the administrative law judge considered that Van Salisbury's "acts were not accidental or unintentional" and that his prior citation for removing lobster traps rendered him "acutely aware of the proscriptions concerning fishing gear and lobsters."  Supp. App. at 19.  In assessing the gravity of Van Salisbury's

4

offenses, the administrative law judge considered other factors, including economic harm to other lobstermen and documented potential for violent conflicts at sea. We conclude the civil penalty was not excessive; the agency's assessment was proper.

### III.

For the reasons stated above, we will affirm the District Court's ruling.